## Roy H. Sides v. State of Mississippi.

### [51 South. 465.]

Criminal Law and Procedure. *Murder. Peremptory instruction.*

> If in a prosecution for murder it be clear from the evidence, viewed as a whole, that defendant acted in necessary self-defense, the court should peremptorily instruct the jury to acquit.

From the circuit court of Yazoo county.

Hon. Wiley H. Potter, Judge.

Sides, appellant, was indicted and tried for murder, convicted of manslaughter, sentenced to the penitentiary, and appealed to the supreme court. The facts are sufficiently stated in the opinion of the court.

*Henry, Barbour & Henry,* for appellant.

The peremptory instruction asked for by appellant should have been given; it is perfectly clear from the evidence that Sides acted in necessary self-defense.

The jury arbitrarily disregarded the testimony and a new trial should have been granted by the trial court. *Matthews v. State, ante,* p. 169, 50 South. 561; *Allen v. State,* 88 Miss. 159; *Bethley v. State,* 13 South. 886; *Jones v. State,* 91 Miss. 868; *Green v. State,* 46 South. 252.

*George Butler,* assistant attorney-general, for appellee.

The testimony offered by the state, considered along with the physical facts, warranted the verdict.

Argued orally by *J. G. Holmes* and *J. F. Barbour* for appellant, and by *George Butler,* assistant attorney-general, for appellee.

SMITH, J., delivered the opinion of the court.

Appellant was indicted in the court below for murder, convicted of manslaughter, sentenced to three years in the penitentiary, and appeals to this court.

There were a goodly number of eyewitnesses to the killing, only one of whom was introduced by the state; several of the others being introduced on behalf of appellant. The witness introduced on the part of the state admittedly did not see all of the difficulty; his attention being first attracted thereto by the report of the first shot fired by appellant. The evidence of the other eyewitnesses is not in material conflict with the testimony of the state's witness relative to that portion of the difficulty which was seen by him, and from the whole evidence it is clear that appellant acted in necessary self-defense. The court, therefore, erred in not granting the peremptory instruction requested by appellant.

The judgment of the court below is reversed, and the cause remanded.                                        *Reversed.*